# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

NANCY SCIFO, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

SECOND ROUND, LP,

    Defendant.

Case No.: 17-cv-125

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Nancy Scifo is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect a debt from her allegedly incurred for personal, family or household purposes.

5. Defendant Second Round, LP ("Second Round") is a debt collection agency with its principal offices located at 4150 Freidrich Ln Ste I, Austin, TX 78744.

6. Second Round is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Second Round is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Second Round is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about December 20, 2016, Second Round mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Second Round, LP" and originally owed to "Synchrony Bank" A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt that Second Round was attempting to collect was a credit card account, used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Second Round to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that Second Round sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. Exhibit A contains the following text:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If this office receives a written request from you, within 30 days of your receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. If you have filed bankruptcy or have an attorney representing you, we have not been notified. If you do, please forward us that information.

14. The above language in Exhibit A is the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g.

15. Exhibit A also contains the following settlement offer:

> Please be advised that your Care Credit account issued by Synchrony Bank has been purchased by Second Round, LP. The balance of $634.33 represents the current outstanding balance of this account. If you are unable to pay the balance in full at this time, we will accept a settlement to resolve the accounts as follows:
> One (1) payment in the amount of **$380.60**, or three (3) payments in the amount of **$137.44** each.

16. The above offer states that "If you are unable to pay the balance in full at this time, we will accept a settlement to resolve the account as follows." Exhibit A.

17. Thus, in order to accept the settlement offer, Exhibit A requires Plaintiff to make the settlement payment "at this time." Exhibit A. No deadline for the settlement offer is given other than "at this time." Exhibit A.

### *FDCPA Violations*

18. Exhibit A is confusing to the unsophisticated consumer because they demand a payment within the validation period or shortly thereafter, but do not explain how the validation notice and settlement "deadline" fit together. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) ("In the typical case, the letter both demands payment within thirty days and explains the consumer's right to demand verification within thirty days. These rights are not inconsistent, but by failing to explain how they fit together the letter confuses.").

19. The unsophisticated consumer would have no idea how to both seek verification of the debt and preserve the settlement offer in Exhibit A.

20. The consumer needs time to process the information contained in an initial debt collection letter before deciding whether to dispute, pay or take other action. This is the point of the 30 day period in 15 U.S.C. 1692g(a).

21. Prior to deciding whether to dispute a debt, a consumer may have to sort through personal records and/or memories to try to remember if the debt might be legitimate. She may not recognize the creditor – debts are freely assignable and corporations, especially banks, often change names.

22. Moreover, once a consumer sends a dispute in writing, the creditor is under no obligation to provide verification in any specific amount of time, or even to provide verification at all, so long as the debt collector ceases collection efforts until it does so. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997) ("Section 1692g(b) thus gives debt collectors two options when they receive requests for validation. They may provide the requested validations and continue their debt collecting activities, or they may cease all collection activities.")

23. The § 1692g validation period lasts for 30 days. It is the consumer's right to *request* verification until the end of the thirty day period. If the request is not made until the end of the thirty day period, the verification request would not be processed, researched by the creditor, and returned to the consumer until long after settlement offer payment deadline has expired. The consumer would be left with no time to review the verification and determine whether to accept the settlement offer.

24. The unsophisticated consumer would have no idea how to both seek verification of the debt and preserve the settlement offers in <u>Exhibit A</u>. It is likely that the settlement offer would expire before the debt collector provides verification. The consumer would be left with little or no time to review the verification and determine whether to accept the settlement offer.

4

25. The effect of the settlement offer in the initial written debt communication is to discourage or prevent consumers (and specifically the unsophisticated consumer) from exercising their validation rights.

26. Defendant did not include explanatory language in Exhibit A, *see, eg. Bartlett*, 128 F.3d 497, 501-02 (7th Cir. 1997).

27. In order to preserve the settlement offer in the event of a written dispute, and to preserve the 30-day validation period itself, any explanatory language should make clear that a dispute will extend the settlement offer while the debt collector is in the process of complying with its obligation to verify the debt.

28. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C. § 1692g(a). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

29. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, in general, false, misleading or confusing statements about the debt itself, or about the creditor's, debtor's or debt collector's rights or intentions, are all material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

30. Plaintiff was confused by Exhibit A.

31. The unsophisticated consumer would be confused by Exhibit A.

32. Plaintiff had to spend time and money investigating Exhibit A.

33. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

5

34. The FDCPA presumes that violations cause injury to consumers. Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

35. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

36. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this

6

Case 2:17-cv-00125-JPS    Filed 01/26/17    Page 6 of 9    Document 1

reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. The statement on Exhibit A that ""If you are unable to pay the balance in full at this time, we will accept a settlement to resolve the account" conflicts with and overshadows the debt validation notice, in that it demands a payment within the validation period or shortly thereafter, but does not explain how the validation notice and settlement "deadline" fit together. 15 U.S.C. § 1692g; *Bartlett*, 128 F.3d at 500.

41. Exhibit A is confusing, deceptive, and/or misleading to the unsophisticated consumer.

42. 15 U.S.C. § 1692g(b) states, in part:

(b) **Disputed debts**
…
Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

43. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692g.

## CLASS ALLEGATIONS

44.     Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between January 26, 2016 and January 26, 2017, inclusive,  (e) that was not returned by the postal service.

45.     The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

46.     There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692e(10), and 1692g.

47.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

48.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

50.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requesta that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

8

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 26, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com